AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
### Eastern District of Michigan

| | |
|---|---|
| United States of America | **ORDER OF DETENTION PENDING TRIAL** |
| v. | |
| Janet Jones | Case Number: 05-80627 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

**Alternative Findings**

✓ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

" I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

✓ (a) nature of the offense: involves violence (punched letter carrier twice and stole her satchel)
✓ (b) weight of the evidence: defendant identified from photo spread by two witnesses
✓ (c) history and characteristics of the defendant -
  ✓ 1) physical and mental condition: def is lifelong Detroit resident but has been homeless for past 1.5 (by her statement) to 8 years (by her mother)
  ✓ 2) employment, financial, family ties: not employed, homeless, family in Detroit and maintains some ties to them. Her child was adopted by a relative
  ✓ 3) criminal history and record of appearance–has a history of substance abuse, record of prostitution, arrests for attempt felony assault and Larceny/obstructing police with no disposition noted.
" (d) probation, parole or bond at time of the alleged offense–not currently on probation or parole
✓ (e) danger to another person or community.–could harm others depending on her needs, record of impulse control not good.

In sum, her transient lifestyle, substance abuse history and current use of drugs, court finds that detention is warranted. Substance abuse issues preclude her from staying with family members. Panhandles in the neighborhood. After consideration of possible placement at "Doorstep" shelter (non-secure, voluntary placement), court determines that until she is substance free, this is not a viable placement alternative. Pretrial services is not familiar with that shelter. Court would consider placement at a federal contract facility after a later time.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| 7-12-05 | s/Virginia M. Morgan |
| *Date* | *Signature of Judge* |
| | Virginia M. Morgan, United States Magistrate Judge |
| | *Name and Title of Judge* |